# **<u>EXHIBIT A</u>**

Electronically Filed - St Louis County - May 09, 2016 - 10:56 AM

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| MICHAEL SCOBEE and LINDA SCOBEE ) | |
| ) | |
| Plaintiffs, ) | CAUSE NO.: 16SL-CC01133 |
| ) | |
| ) | |
| vs.  ) | **JURY TRIAL DEMANDED** |
| ) | |
| ENTERPRISE HOLDINGS, INC., ) | |
| EAN HOLDINGS, LLC, ) | |
| WILLIAM C. NORRIS, and ) | |
| LAUREN NORRIS, ) | |
| ) | |
| Defendants. ) | |

## FIRST AMENDED PETITION

Plaintiffs, by and through counsel, file this Petition[1] complaining of Enterprise Holdings, Inc. ("Enterprise"), EAN Holdings, LLC ("EAN"), William C. Norris, and Lauren Norris (collectively "Defendants") and respectfully show as follows:

### PARTIES

**1.**

At all times relevant hereto, Plaintiffs Michael Scobee and Linda Scobee were residents and citizens of Green Castle, Sullivan County, Missouri.

**2.**

Upon information and belief, at all relevant times, Defendants William C. Norris and Lauren Norris were residents and citizens of St. Peters, St. Charles County, Missouri.

---

[1] This case was originally filed on December 7, 2015 in the U.S. District Court for the Western District of Kentucky (3:15-cv-00868-JHM-DW), and Plaintiffs dismissed the action by filing a Notice of Voluntary Dismissal without Prejudice on March 17, 2016 before an Answer was filed.

3.

Upon information and belief, at all relevant times, Defendant Enterprise Holdings, Inc. was a corporation doing business in Missouri and can be served through its registered agent, C T Corporation System, at 120 South Central Avenue, St. Louis, Missouri 63105.

4.

Upon information and belief, at all relevant times, Defendant EAN Holdings, LLC was a foreign limited liability company doing business in Georgia and Missouri and can be served through its registered agent, C T Corporation System, at 120 South Central Avenue, St. Louis, Missouri 63105.

## JURISDICTION AND VENUE

5.

Jurisdiction is proper in this Court pursuant to Article V, Section 14 of the Missouri Constitution, which provides this Court with original jurisdiction over all cases and matters, civil and criminal. Therefore, this Court has constitutionally vested subject matter jurisdiction over the case. This Court also has personal jurisdiction over the Defendants in that each of the Defendants has satisfied at least one of the traditional notions of personal jurisdiction including presence, domicile, or consent.

Venue is proper in St. Louis County, Missouri pursuant to 508.010.1(5), RSMo 2015 given that this Petition alleges injuries and damages arising from the tortious conduct of Defendants which injured Plaintiffs outside the state of Missouri.

## FACTS AND CAUSES OF ACTION

6.

On the afternoon of April 4, 2015, Plaintiff Michael Scobee was operating his Yamaha Royalstar motorcycle going north on Interstate 71 in Northfield, Jefferson County, Kentucky.

7.

On the afternoon of April 4, 2015, Defendant William C. Norris was operating a 2015 Chevrolet Malibu, which, upon information and belief, was owned by EAN Holdings, LLC and rented from Enterprise Holdings, Inc. by Defendant Lauren Norris.

8.

The collision that forms the subject matter of this litigation occurred on April 4, 2015 at approximately 5:39 p.m. in the northbound lanes of Interstate 71 in Northfield, Jefferson County, Kentucky.

9.

Defendant William C. Norris was behind Plaintiff Michael Scobee when, coming from behind in his Chevrolet Malibu, Defendant William C. Norris caused his car to strike Plaintiff Michael Scobee's motorcycle, causing Plaintiff Michael Scobee to lose control and crash his motorcycle.

10.

The collision resulted in Plaintiff Michael Scobee's severe, life threatening injuries, including injury to his brain, for which Plaintiff was transported to the hospital via ambulance.

**11.**

Plaintiff Michael Scobee was hospitalized for seventeen days after the collision, twelve of which were spent in the Intensive Care Unit, and has suffered medical specials in an amount that exceeds $800,000, which exceeds his policy limits.

**FIRST CAUSE OF ACTION**
Negligence—William C. Norris

**12.**

The allegations set forth in paragraphs 1 through 11 of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

**13.**

Defendant William C. Norris, without legal purpose and without warning, negligently caused the automobile collision with Plaintiff Michael Scobee's motorcycle.

**14.**

The collision that forms the subject matter of this litigation was the cause in fact and proximately caused by one or more acts of negligence on the part of the Defendant William C. Norris, including but not limited to:

(1)  Failing to maintain control of his vehicle;

(2)  Failing to exercise normal care in the operation of his vehicle;

(3)  Failing to maintain a proper lookout; and

(4)  Failing to maintain a safe distance.

**15.**

As a direct and proximate result of the collision, Plaintiff Michael Scobee suffered life threatening personal injuries, which required hospitalization in the intensive care unit. As a

result, Plaintiff's abilities to do various activities and function as a whole person have been irreparably impaired. The quality of Plaintiff's life has been substantially diminished as a result of his injuries sustained on April 4, 2015.

16.

As a further direct and proximate result of the negligence of Defendant William C. Norris, Plaintiff Michael Scobee suffered property damage in that his motorcycle was damaged and will need to be replaced.

17.

As a further direct and proximate result of the negligence of Defendant William C. Norris, the Plaintiff's has lost earnings and fringe benefits and his ability to perform various types of work and earn a living in the future has been permanently and irrevocably diminished and impaired.

**SECOND CAUSE OF ACTION**
Negligent Entrustment of a Vehicle—Lauren Norris

18.

The allegations set forth in paragraphs 1 through 17 of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

19.

Upon information and belief, the automobile driven by Defendant William C. Norris was owned by Defendant EAN Holdings, LLC, and was rented from Enterprise Holdings, Inc. by Defendant Lauren Norris.

20.

Defendant Lauren Norris owed a duty of care to ensure her rented automobile was driven by responsible drivers.

21.

The Defendant Lauren Norris entrusted her rental vehicle to a careless and reckless driver, Defendant William C. Norris.

22.

Defendant William C. Norris, without legal purpose and without warning, negligently caused the automobile collision with Plaintiff Michael Scobee's motorcycle.

23.

Defendant Lauren Norris knew or should have known that her spouse, Defendant William C. Norris, was a careless and reckless driver.

24.

Defendant Lauren Norris breached her duty of care when she entrusted her rental vehicle to Defendant William C. Norris.

25.

The above act of negligence was a direct and proximate cause of the injuries to Plaintiff Michael Scobee and the damages suffered by Plaintiffs.

26.

Plaintiff Michael Scobee suffered personal injuries, which required hospitalization in the intensive care unit, as a direct and proximate result of the collision caused by Defendant William C. Norris. Plaintiff's abilities to do various activities and function as a whole person have been

irreparably impaired. The quality of Plaintiff's life has been substantially diminished as a result of his injuries sustained on April 4, 2015.

27.

As a further direct and proximate result of the negligence of Defendant Lauren Norris, Plaintiff Michael Scobee suffered property damage in that his motorcycle was damaged and will need to be replaced.

28.

As a further direct and proximate result of the negligence of Defendant Lauren Norris, the Plaintiff's has lost earnings and fringe benefits and his ability to perform various types of work and earn a living in the future has been permanently and irrevocably diminished and impaired.

### THIRD CAUSE OF ACTION
Negligence—Enterprise and EAN Holdings

29.

The allegations set forth in paragraphs 1 through 28 of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

30.

Defendants Enterprise and EAN owed a duty of care to ensure the vehicle they rented and owned was in good and working condition, properly maintained, and properly inspected before use.

31.

Defendants Enterprise and EAN breached their duty of care when, upon information and belief, they rented the rental vehicle that is the subject of this action to Defendant Lauren Norris and failed to ensure the vehicle was in good and working condition and properly maintained and inspected before use.

32.

Plaintiff would show that Defendants Enterprise and EAN were negligent as follows:

a. Failing to provide a vehicle in a good and working condition;

b. Providing a vehicle with worn tread and bald tires, which was therefore unsafe for its intended purposes;

c. In failing to properly inspect and/or maintain the vehicle, including, but not limited to, allowing the rental vehicle in question to be driven with an expired registration, failing to inspect the worn tread and bald tires, failing to inspect the damage to the wheels and other damage, and failing to maintain the brakes and steering;

d. In failing to replace the tires;

e. In providing a vehicle for use which was unreasonably dangerous; and

f. In all things failing to act as a reasonably prudent rental car company in the same or similar circumstances.

**33.**

Each of the above acts of negligence, singularly or in combination, was a proximate cause of the injuries to Plaintiff Michael Scobee and the damages suffered by Plaintiffs.

**34.**

As a further direct and proximate result of the negligence of Defendants Enterprise and EAN, Plaintiff Michael Scobee suffered personal injuries, which required hospitalization in the intensive care unit. Plaintiff's abilities to do various activities and function as a whole person have been irreparably impaired. The quality of Plaintiff's life has been substantially diminished as a result of his injuries sustained on April 4, 2015.

35.

As a further direct and proximate result of the negligence of Defendants Enterprise and EAN, Plaintiff Michael Scobee suffered property damage in that his motorcycle was damaged and will need to be replaced.

36.

As a further direct and proximate result of the negligence of Defendants Enterprise and EAN, the Plaintiff's has lost earnings and fringe benefits and his ability to perform various types of work and earn a living in the future has been permanently and irrevocably diminished and impaired.

### FOURTH CAUSE OF ACTION
Loss of Consortium

37.

The allegations set forth in paragraphs 1 through 36 of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

38.

At the time of the accident Plaintiff Michael Scobee and Plaintiff Linda Scobee were married and continue to be married.

39.

As a result of the wrongful and negligent acts of the Defendants, Plaintiffs Michael Scobee and Linda Scobee were caused to suffer, and will continue to suffer in the future, loss of the society, companionship, love, affection, aid, services, cooperation, and comfort of each other, all to the detriment of their marital relationship.

**40.**

The negligence of Defendants was the cause in fact and proximate cause of the injuries sustained by Plaintiffs Michael Scobee and Linda Scobee.

**DAMAGES**

**41.**

As a result of the collision described above, Plaintiffs have suffered, and continue to suffer, and incur damages.

(1) Plaintiff Michael Scobee suffered and continues to suffer serious bodily injury,

(2) Plaintiff Michael Scobee has and will continue to incur significant medical bills, expenses, loss of wages and benefits, both past and future,

(3) Plaintiff Michael Scobee has incurred tremendous pain and suffering, and

(4) Plaintiffs Linda Scobee and Michael Scobee have suffered the loss of the society, companionship, love, affection, aid, services, cooperation, and comfort, of each other.

**42.**

Because Defendant William C. Norris' gross negligence was wanton, willful, and in reckless disregard for the safety of Plaintiff Michael Scobee, punitive damages should also be awarded against him in an amount to be determined at trial.

**WHEREFORE,** Plaintiffs demand a TRIAL BY JURY and judgment against Defendants for compensatory damages, pre-judgment interest as may be applicable, and costs in excess of the minimum jurisdictional limits of this Court, as follows:

a. All special damages, including, but not limited to, medical bills, property damage, lost income, loss of consortium, loss of use and property damage, and all other special damages as shown by the evidence;

b. All general damages including, but not limited to, damages for pain and suffering, loss of consortium, diminished capacity to earn and all other general damages, in an amount to be determined by the enlightened conscious of a jury;

c. Punitive damages in an amount to be proven at trial;

d. For all attorneys' fees and costs incurred;

e. Costs of this action;

f. Such other further, general and equitable relief as this Court deems just.

Respectfully submitted,

/s/ Eric D. Holland
Eric D. Holland, #39935
HOLLAND LAW FIRM
300 North Tucker Blvd., Suite 801
St. Louis, MO 63101
314-241-8111
314-241-5554—facsimile
eholland@allfela.com

Edward S. Cook, Esq. (PHV forthcoming)
GA Bar No. 183741
William P. Leverett, Jr., Esq. (PHV forthcoming)
GA Bar No. 225593
Lindsey Allison, Esq. (PHV forthcoming)
GA Bar No. 278885
COOK LEVERETT
3350 Peachtree Road NE, Ste. 1100
Atlanta, GA  30326
404-841-8485
404-841-8045—facsimile

ATTORNEY FOR PLAINTIFFS

Electronically Filed - St Louis County - May 09, 2016 - 10:55 AM

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of April 2016, a copy of the foregoing was filed electronically with the Clerk of Court to be served, by the Court's electronic filing system that will that will send notification of such filing(s) to all counsel of record.

/s/ *Eric D. Holland*