**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| USAA CASUALTY INSURANCE,                )
                                                                      )
                                                                      )
           Plaintiff,                                           )
                                                                      )
      v.                                                          )           Case No. 4:21-CV-00779 JCH
                                                                      )
LINDA SCOBEE, et al.,                            )
                                                                      )
           Defendants.                                      )  | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Michael Scobee, Linda Scobee (the "Scobees") (collectively "Defendants") motion to dismiss Plaintiff USAA Casualty Insurance Company's ("USAA" or "Plaintiff") First Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Doc. [13]. Plaintiff responded to the motion, Defendants filed a reply, and the matter is fully briefed and ripe for disposition. For the reasons set forth below, Defendants' motion will be denied.

**I.        Factual and Procedural Background**

On April 4, 2015, Michael Scobee, a resident of Missouri, was riding his motorcycle when he was struck by an automobile driven by William C. Norris, who was a resident of Kentucky at the time of the collision. Mr. Scobee was seriously injured in the crash, and his medical expenses totaled over $900,000.00. The collision occurred in Jefferson County, Kentucky, and Mr. Scobee was treated for his injuries at the University of Louisville Hospital. At the time of the accident, Mr. Norris was insured under an automobile policy issued by USAA in Kentucky.

Michael Scobee and his wife Linda Scobee sued Mr. Norris in the Western District of Kentucky, and served USAA with a copy of the lawsuit they had filed against its insured on December 7, 2015.  Soon thereafter, the Scobees learned that Mr. Norris had moved to Missouri, and they chose to dismiss the Kentucky case and refiled their claims in the Circuit Court of St. Louis County, Missouri, on May 2, 2016.  Mr. Norris died on September 16, 2018, and an attorney was appointed defendant ad litem for purposes of the lawsuit.  However, approximately one week before trial in the matter, Mr. Norris's wife Lauren Norris was substituted as defendant ad litem.  USAA was never a party to the Missouri action.

On September 27, 2019, a jury returned a verdict of $6,500,000.00 for Michael Scobee and $500,000.00 for Linda Scobee.  Following trial, USAA sent a letter to the Scobees stating that it was "offering payment of the $100,000.00 policy limits as full satisfaction of the judgment," asserting that $100,000.00 was all it need pay "due to the nature of the obligations of a defendant ad litem under Missouri law."  Defendant ad litem, Lauren Norris, sought to have the judgment amended downwards to limit the damages to only those covered by liability insurance pursuant to Mo. Rev. Stat. § 537.021.  The trial court denied her motion, and upon appeal, the Missouri Court of Appeals also denied her request, construing her request as pertaining to issues of insurance coverage and collections that were not before the court in the Scobees's tort action. *See Scobee v. Norris*, 620 S.W.3d 262, 266 (Mo. Ct. App. 2021).  The Missouri Supreme Court subsequently denied the parties' application for transfer on May 4, 2021.  *Id*.  USAA then filed a Motion for Leave to Deposit Money [$100,000.00] in the Registry of the Court and for the Court to Enter Satisfaction of Judgment, which the trial court denied on June 21, 2021.  *Id*.

On June 28, 2021, USAA filed the instant action for declaratory judgment, naming the Scobees and Lauren Norris as Defendants, and seeking declarations from the Court on two

counts: (i) that the Scobees's recovery is limited under Mo. Rev. Stat. § 537.021 to the proceeds available under the Policy, which contains a limit of liability of $100,000.00, and (ii) that there is no possibility of recovery by Defendants in excess of the stated Policy limits, including by a claim for bad faith. Plaintiff asserts that under Missouri law, a third party may not pursue a direct action for bad faith failure to settle against an insurer absent an assignment from the insured, and no insured under the Policy ever assigned a bad faith claim to the Scobees. Plaintiff additionally argues that under Missouri law, a defendant ad litem may not assert claims that belong to Mr. Norris's estate, and Lauren Norris has no claim for bad faith that could be assigned to the Scobees.

Approximately three months after Plaintiff filed this declaratory action, the Scobees filed a bad faith claim in the Circuit Court of Franklin County, Kentucky, alleging that USAA had violated Kentucky's Unfair Claims Settlement Practices Act by failing to settle the underlying lawsuit between the Scobees and Norrises. Doc. [13-1]. Defendants then filed their motion to dismiss the instant action before this Court, arguing that it should be dismissed because (i) the Eastern District of Missouri is not the proper forum for the action; (ii) the case presents issues identical to those already decided by Missouri state court; (iii) Count II of the action seeks an improper advisory opinion; and (iv) allowing the case to proceed would interfere with the Scobees's bad faith claim that they wished to pursue in Kentucky.

## II. Legal Standards

Defendants have moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises . . . thereby sparing litigants the burden of unnecessary pretrial and trial activity."

3

*Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A pleading is deficient and may be dismissed under Rule 12(b)(6) if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). The complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory," and "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [each element]." *Twombly*, 550 U.S. at 562. The reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, but it is not required to accept the legal conclusions that plaintiff draws from the facts alleged. *Iqbal*, 556 U.S. at 678; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). A court must "draw on its judicial experience and common sense," and consider the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.

4

*Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

**III.     Discussion**

The Court will first address Defendants' argument that this district is not a proper forum for the dispute between the parties. The Court notes that after this declaratory action was filed, Defendants filed a bad faith claim against USAA in the Eastern District of Kentucky. *See* No. 3:21-cv-54-GFVT. Subsequently, USAA filed a motion to transfer the Kentucky case to the Eastern District of Missouri, and the Kentucky court granted USAA's motion and transferred the Scobees's bad faith claim to this court, where it is now pending before the undersigned. *See* No. 4:22-cv-488-JCH. The Court is not bound, of course, by the Kentucky court's reasoning or determination as to whether Missouri is the most appropriate forum for the dispute between the parties, but the Court is nonetheless persuaded by that court's analysis, and does not agree with Defendants that Missouri is an improper forum.

Defendants also argue that USAA is attempting to relitigate or circumvent matters already decided by the Missouri state courts, asserting that USAA is raising the "exact same" issues already litigated in state court. The Court disagrees. First, USAA was not a party in the underlying Missouri state action, and consequently could not have litigated *any* issues in the state matter. *See Scobee*, 620 S.W.3d at 266 ("USAA [was] not a party and has not been before the court in this action."). Additionally, the state court made plain that it was not deciding any underlying issues of coverage under the USAA policy. *Id.* ("Decedent's policy limit has not been conclusively established, and . . . we will not litigate underlying issues of [insurance] coverage in this tort action."). Therefore, the extent to which the Scobees may recover "against the deceased wrongdoer's liability insurance" under Mo. Rev. Stat. § 537.021 remains an open

5

question.  Id. at 265-67.  Because USAA was not a party to the Missouri state action, and could not have litigated any issues, the issue of available coverage was not conclusively established in the state action, but rather is an open question that USAA properly brings before the undersigned in this declaratory judgment action.

The Court turns now to Defendants' third argument in favor of dismissal, *i.e.*, whether USAA is seeking an impermissible advisory opinion.  USAA asks this Court to address, among other issues, whether the defendant ad litem may assign claims that belong to Mr. Norris's estate, whether the estate or the Scobees may maintain a claim for bad faith, and whether the Scobees's recovery under the Policy is limited as a matter of Missouri law.  USAA argues, and the Court agrees, that there is nothing hypothethical about the facts supporting its request for declaratory relief on those issues.  The underlying facts relevant to these questions include (i) the judgment entered in the underlying lawsuit; (ii) the fact that no probate estate was opened on behalf of Mr. Norris; and (iii) the fact that no assignment of a bad-faith claim ever occurred.  Additionally, the Scobees concede that "the conduct at issue in Count II is all in the past." Doc. [13] at 10.  The Court finds that the issues raised by USAA are ripe for determination.

Finally, allowing this case to proceed will not interfere with the Scobees's bad faith claim, which is based on Kentucky state law.  As noted *supra*, the Kentucky court transferred that claim to this court, where it is currently pending.  The Court sees no reason why that claim may not be adequately litigated in this forum.  Federal District Courts routinely address claims based on the law of non-forum states, and this matter is no different.  *See In re Aircraft Accident at Little Rock, Arkansas, June 1, 1999*, 231 F. Supp. 2d 852, 874 (E.D. Ark. 2002).

6

("A federal district court is faced almost daily with the task of applying some state's law other than that of the forum state, and it is equally capable of resolving the dispute under [either of two states'] law.").

## IV.     Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. [13]) is **DENIED**.

Dated this 19th day of August, 2022.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE
