UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| USAA CASUALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Case No. 4:21-CV-779-JAR ) |
| MICHAEL SCOBEE and LINDA SCOBEE., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Vacate Order of Dismissal of Defendant Lauren Norris (ECF No. 45). This matter is fully briefed and ready for disposition. For the reasons stated herein, the Court denies Defendants' Motion.

## **BACKGROUND**

As this Court previously detailed in several orders, this case involves an insurance coverage dispute. USAA filed this declaratory judgment action, asking this Court to determine the limits of its coverage as to a state court judgment obtained by Defendants Michael and Linda Scobee. USAA originally named Lauren Norris as a defendant, in addition to Michael and Linda Scobee. On December 9, 2022, Plaintiff filed a Notice of Voluntary Dismissal (ECF No. 41) as to former-defendant Lauren Norris.[1] Later that day, the Court effectuated the Notice of Voluntary Dismissal, thereby directing the dismissal of Ms. Norris to be reflected in the record. The Scobees ask this Court to vacate the Court's dismissal of Lauren Norris.

---

[1] Lauren Norris was named defendant ad litem in the underlying lawsuit after her husband William Norris passed away. Mr. Norris had been insured under a liability insurance policy issued by USAA, which is the same policy at issue in this action.

– 1 –

**STANDARD OF REVIEW**

The Scobees bring this Motion to Vacate under Fed. R. Civ. P. 60(b). Specifically, the Scobees seek relief from the Court's order due to "mistake, inadvertence, surprise, or excusable neglect," "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (3), (6). *See* ECF No. 45 at 9. Rule 60(b) "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999); *Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001). "Under Rule 60(b) the movant must demonstrate exceptional circumstances to justify relief." *Brooks v. Ferguson-Florissant Sch. Dist.*, 113 F.3d 903, 904 (8th Cir. 1997).

**DISCUSSION**

The Scobees ask the Court to enter an order vacating the December 9, 2022 Order of Dismissal of then-defendant Lauren Norris. The Scobees argue that USAA dismissed Norris a "mere six days" before her deadline to respond to the Scobees's discovery requests. (ECF No. 45 at 5). The Scobees had asked for Norris's deposition three days prior to the dismissal. (*Id.*) The Scobees argue that USAA moved for dismissal of Norris while discovery was pending and without informing the Court of that fact "to frustrate and obstruct the Scobee Defendants' ability to seek discovery in the present action." (ECF No. 45 at 7). The Scobees argue that USAA's motivation to obstruct discovery on Norris justifies vacating the Order of Dismissal. In addition to vacating the Order the Dismissal, the Scobees request the Court enter an order compelling Norris to answer the Scobees's pending discovery requests, which include 59 Requests for Admissions, 8 Interrogatories, and 5 Requests for Production. (ECF No. 45 at 10). The Scobees complain that they cannot propound Requests for Admission on Norris because she is now a non-party. (ECF No. 47 at 2). Further, they state that a deposition of Norris would be more expensive and

time-consuming and would not have the same weight as party admissions. (*Id*.) The Scobees also request their attorneys' fees and costs for bringing this Motion.

The Court, however, finds no basis for granting the Scobees's request for relief. USAA filed a Notice of Dismissal of Lauren Norris under Fed. R. Civ. P. 41 (a)(1)(A)(i), which provides: "*Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." It is undisputed that Lauren Norris had not filed an answer or motion for summary judgment. Therefore, USAA did not require a court order to dismiss Norris from this lawsuit, as it was USAA's "unconditional right" to dismiss Norris at that stage of litigation. *Great Rivers Co-op. of Se. Iowa v. Farmland Indus., Inc.*, 198 F.3d 685, 689 (8th Cir. 1999). Indeed, this Court would have "erred" if it had refused "to give effect to the dismissal." *Foss v. Fed. Intermediate Credit Bank of St. Paul*, 808 F.2d 657, 660 (8th Cir. 1986). Thus, the Court holds that it properly effectuated USAA's dismissal of Norris under Fed. R. Civ. P. 41(a)(1)(A)(i).

The Scobees claim that USAA dismissed Norris as part of a concerted effort to prevent discovery regarding Scobees's bad faith claims in the parallel litigation. The Court, however, finds that the Scobees have not demonstrated that they are unable to obtain discovery needed for them to proceed in this action. Obviously, some methods of discovery are more expedient or cost-effective than others, but that does not provide a basis for relief under Fed. R. Civ. P. 60(b).

The Court denies the Scobees's Motion to Compel because they have not shown that they are entitled to relief under Fed. R. Civ. P. 60(b) or that they will be unable to obtain necessary discovery for use in defending this action or shown.

Accordingly,

**IT IS FINALLY ORDERED** that Defendants' Motion to Vacate Order of Dismissal of Defendant Lauren Norris (ECF No. 45) is **DENIED**.

Dated this 13th day of February, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE