UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| USAA CASUALTY INSURANCE COMPANY,<br><br>  Plaintiff,<br><br> vs.<br><br>MICHAEL SCOBEE and LINDA SCOBEE,<br><br>  Defendants. | Case No. 4:21-CV-779-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss, or in the Alternative, Motion for Judgment on the Pleadings (ECF No. 48). The Court held a hearing on February 17, 2023, wherein the parties argued their respective positions. For the reasons stated herein, the Court denies Defendants' Motion.

## BACKGROUND

As this Court previously detailed in several orders, this case involves an insurance coverage dispute. Plaintiff USAA Casualty Insurance Company ("USAA") filed this declaratory judgment action, asking this Court to determine the limits of its coverage as to a state court judgment obtained by Defendants Michael and Linda Scobee ("the Scobees").

## STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 570 (2007)). A "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but

– 1 –

it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556).  Several principles guide the Court in determining whether a complaint meets the plausibility standard.  The court must take the plaintiff's factual allegations as true. *Iqbal*, 556 U.S. at 678. "This tenet does not apply, however, to legal conclusions or 'formulaic recitation of the elements of a cause of action'; such allegations may properly be set aside." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1056 (8th Cir. 2018) (citing *Iqbal*, 556 U.S. at 678).  Rather, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Similarly, for a motion for judgment on the pleadings, the movant has the burden of "clearly establish[ing] that there are no material issues of fact and that it is entitled to judgment as a matter of law." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).  The Court views "all facts pleaded by [the plaintiff] as true and grant her all reasonable inferences." *Levitt v. Merck & Co., Inc.*, 914 F.3d 1169, 1171 (8th Cir. 2019) (citing *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009)).  "When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed.R.Civ.P. 12(b)(6)), the court generally must ignore materials outside the pleadings, but it may consider "some materials that are part of the public record or do not contradict the complaint," *Missouri ex rel. Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1107 (8th Cir.), *cert. denied,* 527 U.S. 1039 (1999), as well as materials that are "necessarily embraced by the pleadings." *Porous Media Corp.,* 186 F.3d at 1079 ( (citing *Piper Jaffray Cos. v. National Union Fire Ins. Co.,* 967 F.Supp. 1148, 1152 (D. Minn.1997)).[1]

---

[1] USAA argues that the Scobees's motion to dismiss is improper because it is a "successive motion to dismiss." (ECF No. 51 at 4).  USAA notes that this Court could treat the Scobees's motion as a

## DISCUSSION

The Declaratory Judgment Act provides that any federal court, "[i]n a case of actual controversy within its jurisdiction ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The phrase "case of actual controversy" in § 2201 "refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 126, (2007). There must be a concrete dispute between parties having adverse legal interests, and the declaratory judgment plaintiff must seek "specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 241 (1937); *Maytag Corp. v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, 687 F.3d 1076, 1081 (8th Cir. 2012).

Defendants argue that there is no live case or controversy in this case based upon the recent stipulation of former-defendant Lauren Norris.  (ECF No. 48 at 2-3).  According to Defendants, "[t]he stipulation went well beyond the present action and reads, 'Lauren Norris will not pursue claims, demands, causes of actions, suits, proceedings, and/or actions in connection with the Policy in any other arbitration, lawsuit, action and/or proceeding than the Declaratory Judgment Action." (ECF No. 46-1 at 2).

---

motion for judgment on the pleadings under Rule 12(c), but it is not required to do so. *Id.* (citing *Myers v. Sander*, No. 4:13 CV 2192 CDP, 2014 WL 1303647, at *1 (E.D. Mo. Apr. 1, 2014)). The Court recognizes that an appellate court's review of a of motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) and motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) apply the same standard. *Spagna v. Phi Kappa Psi, Inc.*, 30 F.4th 710, 715 (8th Cir. 2022); *Packard v. Darveau*, 759 F.3d 897, 900 (8th Cir. 2014).  Therefore, the Court finds that this issue is largely a distinction without a difference.  In any event, the Court declines to review USAA's procedural objection and instead denies the Scobees's Motion to Dismiss on the merits, as discussed herein.

The Scobees further argue that the controversy is not about USAA's coverage in the Underlying Lawsuit because all parties agree that USAA must pay the policy limits of $100,000.00. Rather, Defendants state that this case addresses whether USAA "has liability above and beyond the policy limits, which is to say, whether or not USAA CIC can be subject to bad faith damages." (ECF No. 48 at 8). Thus, Defendants claim that "USAA CIC seeks to use this action to limit the bad faith action in any and all jurisdictions, despite knowing that this is an improper use of a declaratory action." (ECF No. 52 at 2).

In response, USAA argues that it properly alleges the existence of an actual controversy concerning the Scobees's ability to recover against USAA for the judgment in the Underlying Lawsuit. USAA argues that this case addresses a judgment that was entered in the Underlying Lawsuit against a defendant ad litem, and a Missouri statute, Mo. Rev. Stat § 537.021.1, that limits a plaintiff's recovery against a defendant ad litem. (ECF No. 51 at 5). USAA contends that it is not asking this Court to apply Missouri law to the Scobees's bad faith claims. Rather, USAA limits this litigation to the "open coverage question identified by the Missouri Court of Appeals arose in the context of the Underlying Lawsuit." (ECF No. 51 at 7). Further, USAA claims that Ms. Norris's stipulation does not extinguish the live controversy in this action, but "all that has changed is that Lauren Norris (but not the Scobees) has agreed to be bound by the Court's resolution" of USAA's obligations under the Policy. (ECF No. 51 at 6).

The Court finds that the stipulation and dismissal of Ms. Norris does not moot the parties' dispute. Although the Scobees argue that there "are no coverage issues" (ECF No. 52 at 5), the parties have not stipulated or agreed as to the amount of USAA's coverage for or obligations to the Scobees with regards to the Underlying Lawsuit. *See also* Memorandum and Order, ECF No. 34. That issue remains alive. Indeed, the only change is the Ms. Norris has agreed to be bound by this Court's determination of that issue. Thus, the Court finds that Ms. Norris's stipulation has no

– 4 –

effect on whether there is a case or controversy. The Court denies the Scobees's Motion to Dismiss because it finds that Ms. Norris's stipulation did not moot the controversy.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, or in the Alternative Motion for Judgment on the Pleadings (ECF No. 48) is **DENIED**.

Dated this 14th day of February, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE