UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| USAA CASUALTY INSURANCE COMPANY, | ) ) ) ) |
| Plaintiff, | ) No. 4:21-CV-779 JAR ) |
| v. | ) ) ) |
| MICHAEL SCOBEE AND LINDA SCOBEE, | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff USAA Casualty Insurance Company's Motion for a Protective Order Regarding 30(b)(6) Deposition (ECF No. 58).[1] This matter has been fully briefed and is ready for disposition. For the reasons stated herein, the Court denies USAA's Motion for a Protective Order Regarding 30(b)(6) Deposition, except that it limits Topic 13.

## BACKGROUND

As this Court previously detailed in several orders, this case involves an insurance coverage dispute. Plaintiff USAA Casualty Insurance Company ("USAA") filed this declaratory judgment action, asking this Court to determine the limits of its coverage as to a state court judgment obtained by Defendants Michael and Linda Scobee ("the Scobees").

Defendants served the Notice of Deposition on April 6, 2023, with a deposition date of April 25, 2023. On April 24, 2023, USAA filed a Motion for Protective Order. (ECF No. 58).

---

[1] USAA filed its Memorandum of Law as an exhibit to its Motion for Protective Order. *See* ECF No. 58-1. There are separate civil filing events for a memorandum in support, which should not have been filed as exhibits to the Motion for Protective Order.

## STANDARD OF REVIEW

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed.R.Civ.P. 26(b)(1). However, "[t]he District Court does have discretion to limit the scope of discovery." *Credit Lyonnais v. SGC Int'l, Inc.,* 160 F.3d 428, 431 (8th Cir.1998) (citation omitted).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *See* Fed.R.Civ.P. 26(c). The party moving for the protective order has the burden to demonstrate good cause for issuance of the order. *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2,* 197 F.3d 922, 926 (8th Cir.1999).

## DISCUSSION

USAA notes that this lawsuit seeks a declaratory judgement regarding USAA's obligations under the Policy with respect to the judgment in the Underlying Litigation. USAA argues that the topics in the Notice of Videotaped 30(b)(6) Deposition Duces Tecum of Plaintiff USAA Casualty Insurance Company (hereinafter "Notice"; ECF No. 58-2) are largely irrelevant.

### A. Reasonable Notice

USAA argues that Defendants did not give reasonable written notice of the deposition, noticing the deposition for less than a week before discovery was scheduled to close. The Court,

however, has repeatedly had to intervene in the parties' discovery disputes and has admonished USAA that it has not been forthcoming with its discovery. Due to the protracted discovery, the Court will not issue a protective order based upon this allegedly late notice. Further, due to the additional time spent briefing these issues, Court finds that USAA has had ample time to prepare for the 30(b)(6) deposition.

### B. Bad Faith, Topics 10-13

Topic 10 relates to USAA's "compliance with unfair claims practices statutes." Topic 11 asks for "policies regarding extra contractual damages and suits" and Topic 12 seeks "policies on good/bad faith claim handling." Finally, Topic 13 asks for "[a]ny and all bad faith claims (i.e. lawsuits) filed against USAA CIC from 2015 to present."

USAA argues that the Scobees "continue to try to make [this action] about USAA CIC's alleged bad faith." (ECF No. 58-1 at 2). USAA argues that Topic 10 does not identify which particular "unfair claims practices statute" is at issue, nor is it limited with respect to subject matter, time, or geographic scope. (ECF Nos. 58-1 at 8; 60 at 4). Likewise, USAA contends Topics 11 and 12 are not limited as to geographic area, insurance policy, or type of insurance coverage. (ECF No. 58-1 at 9). Finally, USAA contends that "all" lawsuits against it since 2015 is overly broad and irrelevant. (ECF No. 58-1 at 9).

The Court holds that bad faith is at issue in this litigation, as USAA seeks a judicial determination that Defendants are not legally entitled to recover against USAA for bad faith and the Scobees' maximum recovery is the stated Policy limit. The Court agrees that the Scobees should be able to investigate USAA's policies and its determination of its duties thereunder. Further, the Court finds that Topics 10-12 involve topics of USAA's routine claims handling protocols and good faith policies, which USAA attempts to unnecessarily complicate. USAA

should be able to produce a deponent familiar with its claims processing and compliance. However, the Court agrees that Topic 13 is overly broad and unduly burdensome. The Court limits Topic 13 to all judgments (trial or summary judgments) entered against USAA on claims for bad faith failure to settle related to auto insurance policies, from 2018 to the present.

### C. Topic 1

Topic 1 for USAA's 30(b)(6) designee is "USAA CIC contract for automobile insurance policy with the Named Insured of Lauren Norris, a policy number of 01186 32 37C 7102 1, and a policy period from December 28, 2014 to June 28, 2015 ("the Policy"), including, but not limited to the issuance of the Policy, the Policy's terms, residency of insured(s), communications with the insured(s), statutory policy discounts, and any and all coverage issues for the Policy that have arisen at any time from April 4, 2015 to present." USAA objects to this topic because, in addition to the terms of the Policy and coverage issues under the Policy, it also seeks testimony regarding the "issuance" of the Policy, the "residency" of the insureds, "communications with the insured(s)", and statutory policy discounts. USAA argues that these topics have no bearing on USAA's request for declaratory relief because the Scobees were not issued the Policy. (ECF No. 58-1 at 7). In response, the Scobees argue that these issues are relevant because USAA is attempting to apply Missouri law to this action, especially USAA's requested declaratory action as to any bad faith claim. (ECF No. 59 at 7).

The Court denies USAA's requested protective order. The Scobees have demonstrated that the issuance of the Policy and residence of the insured is relevant to the choice of law in the present action.

### D. Topics 2, 5, 9

Topic 2 relates to what the Scobees demanded from USAA as compensation for their injuries sustained in the accident. Topic 5 relates to what USAA communicated to its insured about the accident or subsequent claim. Topic 9 relates to what information is contained in USAA's claim file. USAA argues that these topics are relevant to Defendants' bad faith claims but have no bearing on its declaratory judgment action.

As previously stated, the Court holds that USAA has put its handling of the claim and whether they acted in bad faith at issue in this litigation through its allegations. "Rule 26(b)(1) does not give any party 'the unilateral ability to dictate the scope of discovery based on their own view of the parties' respective theories of the case.'" *Hartman v. City of Lincoln, Nebraska*, No. 4:19CV3100, 2021 WL 3856129, at *2 (D. Neb. Aug. 27, 2021)(quoting *Sentis Grp., Inc. v. Shell Oil Co.*, 763 F.3d 919, 925 (8th Cir. 2014)). The Court denies USAA's Motion for Protective Order as to Topics 2, 5, 9.

### E. Topics 6 and 7

Topic 6 seeks information related to USAA's "licensing and regulatory requirements with respect to writing automobile liability policies in the state of Kentucky." Topic 7 asks for a deponent with knowledge of USAA's obligations under the Unfair Claims Settlement Practices Act," KRS 304.12-230. USAA argues that these issues are irrelevant. As to the licensing requirement, USAA argues that the Scobees are not the policyholders and this action does not concern the validity of the Policy. (ECF No. 58-1 at 8). USAA claims that Kentucky's regulatory requirements for automobile policies are irrelevant to this declaratory judgment action. As to Topic 7, USAA claims that topic raises only a "legal question raised by the Bad Faith Action." (ECF No. 58-1 at 8)

The Scobees claim that they "are entitled to know if USAA CIC similarly assessed the claims as such, which requires inquiries into the claims file, the Policy, and a number of related topics." (ECF No. 59 at 8). The Scobees further believe that they should be able to "inquire about USAA CIC's application of all applicable Kentucky rules and regulations with respect to the Policy." (ECF No. 59 at 8).

Again, the Court holds that USAA raised the bad faith issue as part of its Declaratory Judgment Complaint. The Court denies USAA's Motion for Protective Order because this line of inquiry is "relevant to" its "claim" for Declaratory Judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff USAA Casualty Insurance Company's Motion for a Protective Order Regarding 30(b)(6) Deposition (ECF No. 58) is **DENIED**, except for the limit to Topic 13 outlined herein. Plaintiff USAA Casualty Insurance Company shall produce a 30(b)(6) deponent no later than **June 30, 2023**.

Dated this 23rd day of May, 2023.

*/s/ John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**